Packard vs. Northcraft's administrator.

CASE 20—PETITION ORDINARY—DECEMBER 20.

# Packard vs. Northcraft's administrator.

APPEAL FROM MARION CIRCUIT COURT.

1. In an action to recover for the loss of a valise and its contents which had been placed in the custody of the defendant at his tavern by the plaintiff as a guest, the latter is not a competent witness to prove the contents of the valise or their value. (*Civil Code, sec.* 670.)

2. Innkeepers are bound by law to take not merely ordinary care, but uncommon care, of the baggage of their guests. And it is not necessary that the baggage should be in the innkeeper's special keeping; but it is generally sufficient that it is in the inn under his implied care.

3. The innkeeper may be exonerated by showing that the guest has taken upon himself exclusively the custody of his own goods; but even a request by him that they shall remain in some particular place in the inn, the place so designated not being in his exclusive possession, but under the control and supervision of the innkeeper, will not discharge the latter from his liability for the goods if they be lost.

4. Unless the innkeeper has given his guest notice that he will not be responsible for the goods if they are left in the public room, his liability still continues. The mere exercise of the choice of a room or other place by the guest, which is not objected to, will not discharge the innkeeper from his general responsibility if the guest does not thereby acquire an exclusive possession of the room or place.

5. An innkeeper, as his guest was about to go to bed, remarked to him that he had better take his valise to his room, to which he replied it was not necessary, that his valise would be safe in the bar-room, where it was allowed to remain; and on the next morning it was gone and could not be found. *Held*—That the innkeeper was liable for its loss.

L. H. NOBLE, for appellant, cited 8 *Coke*, 32; 1 *Smith's Leading Cases, Am. ed.*, p. 47; 3 *B. & A.*, 283; 2 *Ib.*, 803; 8 *B. & C.*, 9; *Ad. & El.*, 522; 14 *John.*, 175; 1 *Yeates*, 34; 5 *Barb., Sup. Ct.*, 560; *Story on Bailments, sec.* 470; 9 *B. Mon.*, 72; 4 *M. & S.*, 306; 1 *Greenleaf Ev., sec.* 348, &c.; 3 *Dana*, 12; *Civil Code, sec.* 670; *Bishop's Crim. Law, title Construction of Statutes*; 3 *Dana*, 453; *Moore vs. Commonwealth, MS. opin. June*, 1856; 7 *B. Mon.*, 227; 4 *Ib.*, 405; 18 *Ib.*, 734.

ROUNTREE & FOGLE, on same side, cited *Civil Code, sec.* 125, *sub-div.* 2; *Ib.*, 416; 2 *Kent's Com., pp.* 592 to 594, 4*th edition.*

SHUCK & WOODS, for appellee, cited *Civil Code, sec.* 670; 1 *Smith's Leading Cases*, 4*th Am. ed., top page* 266.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This was an action by a traveler, who put up as a guest at the tavern of John F. Northcraft, to recover the value of a valise and its contents, which had been placed in the custody of the defendant, and which, by some means, had been lost.

A judgment having been rendered against the plaintiff in the action, he has brought the case to this court by appeal.

The principal question to be decided, is the admissibility of the testimony of the plaintiff himself to prove the contents of the valise, and their value.

This is a question of much practical importance to the community, inasmuch as the passenger travel has greatly increased of late, and it seldom happens that a traveler has it in his power to prove by any other evidence than his own, of what the contents of his trunk consisted, if it should be lost by railroad companies or tavern-keepers.

By the common law parties were excluded as witnesses where they had any interest in the suit. To this general rule, however, there were some exceptions, in which the oath of the party was received as competent testimony.

Where it was proved that the defendant had been guilty of some tortious act of intermeddling with the plaintiff's goods, and no other evidence could be had of the amount of damage, the plaintiff was allowed to testify on that point, not alone on the ground of the odium which the law entertains against spoliation, but also because, from the necessity of the case and the nature of the subject, the production of other proof could not be expected. On the same principle the bailor, though a plaintiff, was admitted as a witness to prove the contents of a trunk lost by the negligence of the bailee. (*Greenleaf on Evidence, sec.* 348.)

As to the extent of this class of exceptions to the general rule, the decisions are conflicting. In some decisions it is confined to cases where the defendant had acted tortiously, and in others it is applied to cases of mere negligence on the part of carriers or other bailees.

As the exception to the general rule was founded upon necessity, the party being admitted to prove facts which, from their nature, were supposed to be known to himself only, it would

seem to be reasonable and proper that the exception should extend to all cases where the reason for its adoption fully applied, and that it should embrace a case of loss from mere negligence as well as a loss arising from the tortious act of a bailee.

It is, however, unnecessary for us to decide the proper extent of this exception, because a rule of evidence on the subject has been adopted by the Civil Code which is inflexible in its character, having no exceptions, and which being prescribed by statute, the courts have no power to modify to suit the exigencies of such cases as would seem, on grounds of public policy, as well as for the purposes of justice, to require a departure from it. If any exceptions to the general rule be necessary or proper, they can only be authorized by the legislature, inasmuch as the statute by which the rule is prescribed is imperative, and has left nothing subject to the discretion of the courts.

By the 670th section of the Civil Code, "persons interested in an issue, in behalf of themselves, and parties to an issue in behalf of themselves or those united with them in the issue," are declared to be incompetent to testify. This rule excludes a plaintiff in all cases where he has an interest in the result of the action, and as it is general in its nature, we do not feel authorized to introduce an exception to it, even where such an exception might be imperiously demanded by the justice of the case. Consequently the court below correctly decided that the plaintiff could not testify in his own favor, even to prove the contents of the valise which had been lost.

The defendant proved upon the trial, that as the plaintiff was about to go to bed, on the night he lodged at his house, he remarked to him that he had better take his valise to his room, to which the plaintiff replied it was not necessary, that his valise would be safe in the bar-room, where it was allowed to remain; and on the next morning it was gone and could not be found.

Upon that evidence the court based the following instruction to the jury, viz: That if they believed the plaintiff prevented the defendant from taking care of the valise, or consent-

ed that it should remain in the bar-room at his risk, then the plaintiff could not recover any thing on account of its loss.

This instruction was not authorized either by the evidence or the law of the case.

Innkeepers are bound by law to take not merely ordinary care, but uncommon care, of the baggage of their guests. And it is not necessary that the baggage should be in the innkeeper's special keeping; but it is generally sufficient that it is in the inn under his implied care. (*Jones on Bailments*, 95; *Story on Bailments*, sec. 471.)

The innkeeper may, however, be exonerated by showing that the guest has taken upon himself exclusively the custody of his own goods; but even a request by him that they shall remain in some particular place in the inn, the place so designated not being in his exclusive possession, but under the control and supervision of the innkeeper, will not discharge the latter from his liability for the goods if they be lost; they still being regarded in law as in his custody, and under his care and control.

Thus, where it was the habit of the servants at an inn to place the guests' goods in their bed-rooms, and a guest requested his to be left in the common commercial room to which travelers in general resorted, and they were stolen, the innkeeper was held responsible for the loss. (*Richmond vs. Smith*, 8 *Barn. & Creswell*, 9.)

It has, indeed, been held that if the innkeeper require of his guest that he should put his goods into a particular chamber under lock and key, and then that he will warrant their safety, and otherwise not, and the guest, notwithstanding, leaves them in an outer court, where they are taken away, the innkeeper will be discharged. (*Calye's Case*, 8 *Co. Rep.*, 32; *Story on Bailments*, sec. 479.)

But unless the innkeeper has given his guest notice that he will not be responsible for the goods if they are left in the public room, his liability still continues. The mere exercise of the choice of a room or other place by the guest, which is not objected to, will not discharge the innkeeper from his general responsibility, if the guest does not thereby acquire an exclu-

sive possession of the room or place. (*Story on Bailments, sec.* 484.)

Now in this case, the innkeeper did not object to the valise being left in the public room, nor did he notify the guest that he would not be responsible for it, unless it was taken to his bed-room; so that it is evident, according to the foregoing principles applicable to the duties and liabilities of innkeepers, that the valise remained in his charge, and he was liable for its loss. There was no evidence to authorize the conclusion that the guest consented that it might remain in the public room at his risk. The instruction of the court to the jury was, therefore, manifestly erroneous.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings not inconsistent with this opinion.